UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| Adecco USA, Inc.  )<br>　　　Plaintiff  )<br>  )<br>v.  )<br>  )<br>Columbia Forest Products, Inc.  )<br>　　　Defendant  )<br>  ) | Civil Action,<br>Case No.: 2:15-cv-25-wks |

## COMPLAINT

NOW COMES the Plaintiff by and through their attorneys, Anderson & Eaton, P.C. and Complains against the Defendant as follows:

### Jurisdiction

1.　This Court has jurisdiction pursuant to 28 U.S.C. §1332 in that the parties are corporations with principal place of business in different States and the amount in controversy exceeds $75,000.

### Venue

2.　Venue is proper as the actions complained of occurred within the County of Orleans in the State of Vermont.

### Parties

3.　Plaintiff, Adecco USA, Inc. (hereinafter Adecco), is a corporation existing under the laws of the State of Delaware with a principal place of business in Jacksonville, Florida. Adecco conducts business in the City of St. Albans, County of Franklin and State of Vermont.

4.　Defendant, Columbia Forest Products, Inc. (hereinafter CFP) is a corporation existing under the laws of the State of Oregon with a principal place of business in Greensboro, North Carolina. CFP conducts business in the City of Newport, County of Orleans and State of Vermont.

Case 2:15-cv-00025-wks   Document 1   Filed 02/03/15   Page 2 of 3

## Facts

5. On October 3, 2012, Adecco entered into a contract with CFP whereby Adecco was to supply temporary labor to CFP for use in its timber processing plant in Newport, VT.

6. Under the terms of the contract CFP was responsible for the supervision and safety of Adecco Associates while on CFP's premises including compliance with federal and state laws, including OSHA.

7. On or about February 11, 2014 an Adecco Associate, namely Andre Fortin, was seriously injured in an industrial accident involving a wood chipper at the CFP plant.

8. Upon information and belief, Mr. Fortin's accident was caused, in whole or in substantial part, by CFP's failure to properly supervise Mr. Fortin, by its failure to provide a safe working environment for Mr. Fortin, and failure to comply with Federal and State safety laws and regulations, including OSHA and VOSHA.

9. Mr. Fortin's accident occurred while he was assigned by CFP to the position of Waste Tender, a high-risk job which had not been approved by Adecco as a position for which its associates could be employed by CFP.

## BREACH OF CONTRACT

10. The Plaintiff re-states and re-incorporates facts and allegations set forth in paragraphs 1-9 above, as if fully set forth herein.

11. CFP's failure to properly supervise Mr. Fortin, failure to provide a safe working environment for Mr. Fortin, and failure to comply with Federal and State safety laws and regulations constituted a breach of the contract between Adecco and CFP.

12. CFP's unilateral assignment of Mr. Fortin to the position of Waste Tender without prior authorization from Adecco for this high-risk position constituted a breach of the contract between Adecco and CFP.

13. As a direct and proximate result of each individual breach of contract by CFP, Adecco has suffered damages in that it has been required to pay for lost wages, medical bills and other damages as a result of Mr. Fortin's ongoing worker's compensation claim, for which Adecco is self-insured.

WHEREFORE: Plaintiff demands an award of compensatory damages in an amount in excess of the jurisdictional limits of this Court.

WHEREFORE, Plaintiff demands judgment against Defendants, in an amount in excess of the jurisdictional limits of this Court for losses it has incurred due to the worker's compensation claim of Mr. Fortin, together with interest, including pre-judgment interest, costs, attorneys' fees, and other relief this Court deems proper.

DATED at Rutland, Vermont this 3rd day of February, 2015

_____
Karl C. Anderson, Esq.
Anderson & Eaton, P.C.
128 Merchants Row, Seventh Floor
PO Box 67
Rutland, VT 05702-0067
FBIN: 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