UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

|  |  |  |
|---|---|---|
| ADECCO USA, INC, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Case No. 2:15-cv-25 |
| v. | : | |
| | : | |
| COLUMBIA FOREST PRODUCTS, INC. | : | |
| | : | |
| Defendant. | : | |
| | : | |

## Opinion and Order

Plaintiff Adecco USA, Inc. ("Adecco") brings the present action against Defendant Columbia Forest Products, Inc. ("CFP") alleging a single count of breach of contract.  As indicated in its Complaint, Adecco seeks indemnification from CFP for expenses incurred as a result of an ongoing workers' compensation claim.  CFP argues that indemnification is unwarranted.

Currently pending before the Court are the parties' cross-motions for summary judgment.  For the reasons explained below, the Court **denies** Adecco's request for summary judgment (ECF No. 28) and **grants** the request of CFP (ECF No. 18).  This case is therefore **dismissed.**

## BACKGROUND

Adecco is a national temporary staffing agency with an office in St. Albans, Vermont.  CFP is a national manufacturer of plywood and veneer with a facility in Newport, Vermont.  Since May 2011, Adecco has placed over 150 workers in CFP's Newport facility pursuant to a series of nearly identical contracts.

Under the contract at issue, the parties agreed that "Adecco will recruit, interview, select and hire assigned employees ('Associates') who, in Adecco's judgment, possess the qualifications [CFP] request[s]."  ECF No. 18-3 at 2.  The parties further agreed that "Adecco shall report and pay the employer's share of state and federal taxes, workers' compensation, FICA, and unemployment insurance for compensation paid to them and will submit required tax withholdings."  ECF No. 18-3 at 1.  As of May 2011, the parties' contract required CFP to compensate Adecco at a rate of 48% above what Adecco paid its associates.  Adecco increased the mark-up to 48.75% in January 2012, and to 49.75% in December 2012.  Adecco addressed the December 2012 increase in a letter to CFP, explaining that the "changes are primarally [sic] related to the rise in State Unemployment Insurance (SUI), Federal Unemployment Tax (FUTA), as well as State Worker's Compensation legislative changes, and rising Worker's Compensation Costs."  ECF No. 18-4 at 18.

In addition to the above-cited provisions, the contract between Adecco and CFP contains a "customer responsibilities" clause.  In relevant part, that clause states as follows:

> You [CFP] are responsible for the supervision and safety of Associates while on your premises including compliance with federal and state laws, including OSHA.  You agree to bear the risks of allowing Associates to handle cash (including electronic transactions), checks, keys, credit cards, merchandise, negotiable instruments, or confidential information or to be permitted to travel or operate motor vehicles or equipment, and you shall defend and hold harmless Adecco from these risks.

ECF No. 18-3 at 2.

In February 2014, Adecco associate Andre Fortin suffered a significant injury while operating a wood chipper at CFP's Newport facility.  Both CFP and the Vermont Department of Labor (VOSHA) conducted investigations into the accident.  CFP reported that the root causes of the accident included "insufficient engineering," "insufficient purchasing," and "inadequate work standards," ECF No. 28-3 at 4, and VOSHA issued CFP a citation for multiple violations of the VOSHA Code.  CFP later settled the VOSHA citation by agreeing (1) not to contest one machine guarding violation;[1] (2) to pay a $5,000 fine; and (3) to implement specified abatement measures related to the

---

[1] Specifically, the uncontested violation provides that "[t]he in-running nip point, where the 3 inch in diameter idler roller and 24 inch wide conveyor belt interact on the Acrowood Veneer Chipper 5317, was not provided with a guard to prevent employees from being caught in the in-running nip points parts" in violation of 29 CFR 1910.212(a)(1).  ECF No. 28-7 at 6.

3

wood chipper.  Since the time of the accident, Adecco has paid extensive workers' compensation benefits to Mr. Fortin.

On February 3, 2015, Adecco filed the present action seeking reimbursement from CFP for the cost of Mr. Fortin's workers' compensation benefits.  According to Adecco, CFP breached the contract at issue by failing to properly supervise Mr. Fortin; failing to provide him with a safe working environment; failing to comply with federal and state safety regulations; and unilaterally assigning him to the high-risk position of Waste Tender without Adecco's prior authorization.  CFP contests Adecco's claims, and both parties have filed motions for summary judgment.

## DISCUSSION

**I.  Legal Standard**

It is well settled that summary judgment may be granted only when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Accordingly, when ruling on a motion for summary judgment, courts must examine the evidence in the light most favorable to the nonmoving party, *Sheppard v. Beerman*, 317 F.3d 351, 354 (2d Cir.

4

2003), and "resolve all ambiguities and draw all permissible inferences in favor of the party against whom summary judgment is sought," *Sec. Ins. Co. of Hartford v. Old Dominion Freight Line Inc.*, 391 F.3d 77, 83 (2d Cir. 2004).

The same legal standard applies where, as here, the parties have filed cross-motions for summary judgment. *Morales v. Quintel Entertainment, Inc.*, 249 F.3d 115, 121 (2d Cir. 2001). That is, "each party's motion must be examined on its own merits, and in each case, all reasonable inferences must be drawn against the party whose motion is under consideration." *Id.*

**II. Analysis**

This case presents the Court with a single question, namely, whether the contract at issue contains an indemnification provision requiring CFP to reimburse Adecco for Mr. Fortin's workers' compensation benefits.  In its argument for indemnification, Adecco relies on the first sentence of the customer responsibilities clause, which provides that "[y]ou [CFP] are responsible for the supervision and safety of Associates while on your premises including compliance with federal and state laws, including OSHA."  ECF No. 18-3 at 2.  That language, Adecco contends, unambiguously demonstrates the parties' intent to impose an indemnity obligation on CFP.

CFP disputes Adecco's interpretation of the contract. According to CFP, the customer responsibilities clause does not constitute an express indemnification agreement, as required by Vermont law. CFP further submits that the contract itself allocates the responsibility of purchasing workers' compensation insurance to Adecco. For both of those reasons, CFP urges the Court to grant summary judgment in its favor.

Under Vermont law, which the parties agree governs the present dispute, "a contract is interpreted foremost to give effect to the parties' intent, which is reflected in the contractual language, if that language is clear." *B & C Mgmt. Vt., Inc. v. John*, 122 A.3d 511, 514 (Vt. 2015) (internal citation omitted). The determination of whether contractual language is clear or ambiguous is a matter of law to be decided by the court. *John A. Russell Corp. v. Bohlig*, 739 A.2d 1212, 1216 (Vt. 1999). "If the court concludes the writing is unambiguous, it must declare the interpretation as a matter of law." *Id.* (internal citation omitted). If the court determines that the writing is ambiguous, however, "the question of what the parties intended becomes a question of fact for the factfinder to resolve." *Dep't of Corr. v. Matrix Health Sys., P.C.*, 950 A.2d 1201, 1205 (Vt. 2008) (internal citation omitted). "A provision in a contract is ambiguous only to the extent that reasonable people could differ as to its

interpretation." *Isbrandtsen v. North Branch Corp.*, 556 A.2d 81, 83 (Vt. 1988).

Here, contrary to Adecco's assertion, the language of the customer responsibilities clause plainly fails to establish a right to indemnity. Vermont law provides for contractual indemnification only where there is "an express agreement or undertaking by one party to indemnify the other." *City of Burlington v. Arthur J. Gallagher & Co.*, 788 A.2d 18, 21 (Vt. 2001) (internal citation omitted). For two reasons, no reasonable person could find that the customer responsibilities clause constitutes such an express agreement.

First, the sentence at issue does not contain the word "indemnify" or any variant thereof, nor does it contain the phrase "defend and hold harmless." *See, e.g.*, *State v. Prison Health Servs., Inc.*, 88 A.3d 414, 418-19 (Vt. 2013) (indicating that "the contract's indemnification provision stated that [the defendant] would 'indemnify, defend and hold harmless [the plaintiff] . . . .'"). Rather, the sentence merely provides that CFP will be "responsible for the supervision and safety" of Adecco's associates. ECF No. 18-3 at 2. The clause does not proceed to clarify the parties' intent with respect to that language, and the Court is aware of no precedent or other authority holding that the use of the word "responsible" alone creates a duty to indemnify. Accordingly, the relevant language

7

is far too vague to constitute an express indemnification agreement.

Second, when read as a whole, the customer responsibilities clause demonstrates that the parties did not intend to create a duty to indemnify with respect to liability stemming from the supervision and safety of Adecco's associates.  The second sentence of the customer responsibilities clause provides that:

> You [CFP] agree to bear the risks of allowing Associates to handle cash (including electronic transactions), checks, keys, credit cards, merchandise, negotiable instruments, or confidential information or to be permitted to travel or operate motor vehicles or equipment, and you shall defend and hold harmless Adecco from these risks.

ECF No. 18-3 at 2.  The parties' use of the phrase "defend and hold harmless" in reference to the aforementioned risks indicates that they knew how to craft an express indemnification agreement.  Consequently, the fact that they chose not to include that phrase in the preceding sentence further suggests that they did not intend for CFP to indemnify Adecco for costs related to its associates' supervision and safety.

In light of the vague language used by the parties, as well as the parties' demonstrated ability to draft an express indemnification agreement elsewhere in the contract, the Court finds that no reasonable person could interpret the first sentence of the customer responsibilities clause to create a duty to indemnify.  Accordingly, the Court finds as a matter of

8

law that the contractual language at issue unambiguously fails to protect Adecco from liability arising from the supervision and safety of its associates.[2]

Although Adecco relies exclusively on its claim for contractual indemnification, it bears mentioning that implied indemnity is similarly inappropriate in the case at bar. "Indemnity is available where (1) an express agreement or undertaking by one party to indemnify the other exists or (2) circumstances require the law to imply such an undertaking." *City of Burlington*, 788 A.2d at 21 (internal citation omitted). The second form, known as implied indemnity, "is a right accruing to a party who, without active fault, has been compelled by some legal obligation, such as a finding of vicarious liability, to pay damages occasioned by the negligence of another."  *Id.* (internal quotation omitted).  "In such cases, indemnity is implied for equitable reasons where it is fair to shift the loss resulting from the negligence from one party to the more responsible party."  *Id.* (internal citation omitted).

In the present case, as CFP notes, the parties agreed that CFP would compensate Adecco at a higher rate than that at which Adecco paid its associates.  The mark-up paid by CFP served to cover both Adecco's profit and its expenses, including workers'

---

[2] Alternatively, even if the Court were to hold that the first sentence of the customer responsibilities clause is ambiguous, it would conclude that no reasonable juror could find that the sentence creates a duty to indemnify for the same reasons expressed above.

compensation.  *See* ECF No. 18-4 at 18.  In addition, the parties' contract explicitly provides that "Adecco shall report and pay the employer's share of . . . workers' compensation . . . [in exchange] for compensation paid to them . . . ."  ECF No. 18-3 at 1.  Because the parties' contractual arrangement essentially required CFP to pay for workers' compensation insurance as part of the mark-up it paid to Adecco, there is no viable equitable argument that it would now be fair to shift the cost of Mr. Fortin's workers' compensation benefits to CFP.  Accordingly, Adecco cannot succeed on a theory of implied indemnification.

Finally, as a matter of public policy, the Court briefly notes that Adecco is in a position to insulate itself from the type of expense incurred in this case through the purchase of workers' compensation insurance.  Adecco's decision to buy a comprehensive insurance policy, a limited insurance policy, or no insurance policy at all is entirely its own.  As a result, in the absence of an express agreement instructing otherwise, there is little logic in allowing Adecco to recover from CFP the costs to which it has knowingly exposed itself.  For that added reason, Adecco's claim cannot prevail.

In sum, the Court finds that the first sentence of the customer responsibilities clause unambiguously fails to establish an express indemnification agreement, as required by

10

Vermont law.  The Court further finds that there are no equitable grounds for shifting the cost of Mr. Fortin's workers' compensation benefits to CFP.  Thus, because the undisputed facts establish that Adecco is entitled to neither contractual nor implied indemnity, the Court **denies** Adecco's motion for summary judgment and **grants** the summary judgment motion of CFP.

## CONCLUSION

The Court **denies** Adecco's motion for summary judgment (ECF No. 28) and **grants** the summary judgment motion of CFP (ECF No. 18).  The present case is therefore **dismissed.**

Dated at Burlington, in the District of Vermont, this 8th day of July, 2016.

/s/ William K. Sessions III<br>
William K. Sessions III<br>
District Court Judge